MAX MARKOWITZ, Plaintiff, *v.* SAMUEL ZADAN, Defendant.

Supreme Court, Special Term, Queens County, August 23, 1948.

*Jacobs & Leibowitz* for plaintiff.

*Davison, Cohen & Zelkin* for defendant.

HALLINAN, J. The plaintiff in this action to dissolve a copartnership moves for '' an order appointing the plaintiff herein receiver of the partnership assets * * * and enjoining the defendant from collecting and receiving, or in any way interfering or intermedling with or disposing of the co-partnership debts or moneys, or other property or effects * * * pending the outcome of this action * * *.''

This is a novel case — the sole ground for dissolution being the defendant's conviction on June 14, 1948, for unlawfully making a claim and receiving State unemployment insurance benefits, newspaper accounts of which plaintiff claims have '' immeasurably harmed '' the partnership business in many ways. There is no claim of any misconduct in connection with the assets or management of the copartnership business itself. Reprehensible as was the misdemeanor of the defendant, he has made restitution, paid his fine of $250, and served his jail term of twenty-two days. Whether under all these circumstances he has, in the language of paragraph (c) of subdivision 1 of section 63 of the Partnership Law '' been guilty of such conduct as tends to affect prejudicially the carrying on of the business '' — here, the sale at retail of household electric appliances, kitchen cabinets and gas ranges — must be left for determination at the trial upon the evidence as it may then be developed.

In the absence of any proof or even a claim that there is danger of irreparable loss or damage to the assets of the partnership, the drastic remedies here sought cannot be granted upon affidavits in advance of trial. The application is, accordingly, denied, but there should be an early trial. To that end the plaintiff is directed to place the same on the calendar for the term commencing September 20, 1948, to be tried that day, or as soon as reached, subject to the approval of the justice presiding.

Submit order.